IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:03-1092-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Damian Cayson, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Damian Cayson's ("Cayson") pro se motion to enforce plea agreement, alleging that the Government has failed to file a Rule 35(b) motion to reduce his sentence based on his substantial assistance as promised. The instant motion was filed on April 20, 2012. The Government was ordered that same day, to respond to this motion, and the Government filed its response on May 10, 2012. Cayson did not file a reply.

On November 1, 2004, Cayson pled guilty pursuant to a plea agreement to conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. Cayson was sentenced to 262 months' imprisonment on April 28, 2005. In the instant motion, Cayson alleges that he provided information about other drug dealers, provided third-party assistance from an associate who made recorded phone calls to a target in Laurens, South Carolina, was fully debriefed, and provided information about the whereabouts of two of his fugitive co-defendants. (Cayson Mot., generally.) Cayson's plea agreement states that

> cooperates pursuant to the provisions of this Plea Agreement, and that cooperation
> is deemed by Attorneys for the Government as providing substantial assistance in

1

the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to § 5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

(Plea Agreement ¶ 8.)

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive [for not filing a Rule 35(b) motion]." Wade v. United States, 504 U.S. 181, 186 (1992). A defendant must make a "substantial threshold showing" of improper motive for not filing a Rule 35(b) motion to warrant an evidentiary hearing. Id. "[The Fourth Circuit] has followed the Supreme Court's lead and strictly interpreted the *Wade* exceptions, holding that the decision not to make a downward departure motion is properly within the government's discretion." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the movant makes a threshold showing that the Government's refusal to file a motion is based on an unconstitutional motive such as race or religious animus, or is not rationally related to a legitimate governmental end, the court is without authority to review the Government's discretionary decision not to file a Rule 35(b) motion. See id.

The Government alleges that Cayson's motion "contains misstatements and factual distortions." (Gov't Mem. Opp'n 5.) Further, the Government submits that

> [t]he United States has not used the information provided by Cayson to successfully investigate or prosecute another person, and there is no evidence that Cayson has provided unrewarded substantial assistance. As Cayson cannot show that the United States has breached the plea agreement and has failed to show that the government's decision is unconstitutional or not rationally related to a legitimate government interest, he is not entitled to any evidentiary hearing.

2

In support of its position, the Government cites to the case agent Jay Rajaee who

> represents that (1) he did not do a formal debriefing of Cayson as alleged in the motion; (2) that Cayson did not provide any information that was used to locate Scott King or Tremayne Graham; [and] (3) he did not make the representations alleged by Cayson in the motion. Special Agent Rajaee does recall that Cayson had an associate who was willing to provide third party assistance, that he put this associate in touch with local police officers in Laurens, and that he heard no more about this alleged assistance until the instant motion was filed.

(Id. at 4.) Further, in a telephone conversation with Special Agent Rajaee on May 8, 2012, Cayson stated that he did not recall the name of the "big drug dealer" but thought that the person's name might be "Titus" or "T.T." (Id.) In addition, Cayson further indicated that the third-party assistance was provided by his then-girlfriend Tawanda Jones and that "government agents" made alleged promises to her and not Cayson directly. (Id. at 5.) Cayson conceded that the alleged promises were made by local narcotics officers in Laurens, South Carolina and not "DEA agents" as referenced in his motion. (Id.) Moreover, Cayson indicated that he did not know either Scott King or Tremayne Graham very well and is not alleging that he provided specific information about their location while they were fugitives. (Gov't Mem. Opp'n 5.)

Based on the foregoing, Cayson has failed to make a substantial threshold showing of improper motive on the part of the Government.

It is therefore

**ORDERED** that Cayson's motion, docket number 942, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
June 15, 2012

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified of his right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.